# EXHIBIT B

JOURNEY LAW GROUP, INC.
Guy Mizrahi, Esq. (SBN 220930)
Arya Malek, Esq. (SBN 325782)
1762 Westwood Blvd., Suite 260
Los Angeles, CA 90024
Telephone: 424.206.4303
Facsimile: 424.220.7388

Attorneys for Plaintiff, JENNY ELIZABETH TOVAR

**FILED**
Superior Court of California
County of Riverside
**10/10/2019**
**K. Garcia**
Electronically Filed

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JENNY ELIZABETH TOVAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **RIC1905158**<br>Hon.<br>Dept.<br><br>**COMPLAINT**<br><br>1. **SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF EXPRESS WARRANTY;**<br><br>2. **SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF IMPLIED WARRANTY;**<br><br>3. **SONG-BEVERLY CONSUMER WARRANTY ACT – CIVIL CODE §1793.2(b)** |

Plaintiff, JENNY ELIZABETH TOVAR, alleges as follows against Defendants FCA US LLC and Does 1 through 20 inclusive, on information and belief formed after an inquiry reasonable under the circumstances:

///

///

///

## GENERAL ALLEGATIONS

1. Plaintiff JENNY ELIZABETH TOVAR is an individual residing in the County of Riverside, State of California.

2. Defendant, FCA US LLC ("Manufacturer"), is a Delaware limited liability company doing business in the County of Riverside, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Chrysler motor vehicles and related equipment.

3. This action arises out of warranty obligations of FCA US LLC for a vehicle purchased by the Plaintiff and for which FCA US LLC issued a written warranty.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 20, inclusive, under the provisions of section 474 of the Code of Civil Procedure. Defendants Does 1 through 20, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

5. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

6. Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), co-conspirator, or employee of each other Defendant and in acting as such principal or within the course and scope of such employment, agency, or conspiracy, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

7. On or about January 4, 2018, Plaintiff purchased a new 2018 Chrysler Pacifica, vehicle identification number 2C4RC1FGXJR102129 ("Vehicle"). Express warranties accompanied the purchase of the Vehicle to Plaintiff by which FCA US LLC undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance.

8. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to the vehicle shutting off, vehicle not restarting, auto start/stop inoperable, auto stop light turns on and vehicle will turn off, error message about auto start/stop, stalling and others.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Breach of Express Warranty

9. Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

10. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "Song-Beverly"), Civil Code §1790 *et seq.*, the Vehicle constitutes "consumer goods" used primarily for family or household purposes and Plaintiff has used the Vehicle primarily for those purposes.

11. Plaintiff is a "buyer" of consumer goods under Song-Beverly.

12. Defendant FCA US LLC is a "manufacturer" or "distributor" under Song-Beverly.

13. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the Vehicle.

14. Plaintiff delivered the Vehicle to Manufacturer's authorized repair facilities for repair of the nonconformities.

15. Defendant wrongfully denied warranty coverage for certain nonconformities.

16. Defendant was unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable number of attempts.

17. Defendant was unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable amount of time as set forth in Song-Beverly, including but not limited to Civil Code § 1793.2(b).

18. Notwithstanding Plaintiff's entitlement, Defendant has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

19. By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under Song-Beverly.

20. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

21. Under Song-Beverly, Plaintiff is entitled to reimbursement of the price paid for the Vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities.

22. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under Song-Beverly.

23. Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

24. Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Breach of Implied Warranty

25. Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

26. Defendants had reason to know the purpose of the subject vehicle at the time of sale of the subject vehicle. The sale of the subject vehicle was accompanied by an implied warranty of fitness.

27. The sale of the subject vehicle was accompanied by an implied warranty that the subject vehicle was merchantable pursuant to Civil Code section 1792.

28. The subject vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with the defective parts and systems as set forth herein.

29. The subject vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with the defective parts and systems as set forth herein.

30. The subject vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with the defective parts and systems as set forth herein.

31. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

32. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

33. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

34. Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

35. Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

36. Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

### THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Civil Code §1793.2(b)

37. Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

38. Pursuant to Civil Code section 1793.2(a), a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorized independent service and repair facilities to carry out the terms of those warranties.

39. Civil Code section 1793.2(b) states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

40. The sale of the subject vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts and systems including the defective parts and systems alleged herein.

41. Plaintiff delivered the subject vehicle to Defendant's authorized repair facilities on multiple occasions. The subject vehicle was delivered for repairs of the defects alleged herein which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

42. Since delivery of the subject vehicle to Defendant's authorized repair facilities, over thirty days have past and Defendant has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties.

43. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

44. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

45. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

46. Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

47. Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

48. Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

49. Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For a civil penalty in the amount of two times Plaintiff's actual damages;
6. For pre-judgment interest at the legal rate;
7. For reasonable attorneys' fees and costs of suit;
8. For such other and further relief as the Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Date: October 10, 2019

JOURNEY LAW GROUP

By: _____
Guy Mizrahi, Esq.
Arya Malek, Esq.
Attorneys for Plaintiff,
JENNY ELIZABETH TOVAR

-7-
COMPLAINT